**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ERIK ANTHONY ELLINGTON,

        Petitioner,                          Civil Case No. 06-CV-14880
                                                  Criminal Case No. 04-CR-80163

v.                                                    HON. DENISE PAGE HOOD

UNITED STATES OF AMERICA,

        Respondent.
_____/

**ORDER RE: MOTION UNDER 28 U.S.C. § 2255**
**TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

**I.     INTRODUCTION**

This matter is before the Court on Petitioner's *Pro Per* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed October 27, 2006. The Government filed a Response and Motion to File Brief Instanter on April 16, 2007.

Petitioner Erik Anthony Ellington-Bey, pursuant to his Fed. R. Crim P. 11(c)(1)(C) plea agreement with the Government pled guilty to a three count Indictment of (1) a felon in possession of a firearm in violation of 18 U.S.C. § 922(g); (2) possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Pursuant to this agreement, the Court sentenced petitioner to 27 months on Counts 1 and 2 and 60 months on Count 3. The sentence imposed on counts 1 and 2 run concurrently and the sentence imposed on Count 3 runs consecutive to the sentence imposed on Counts 1 and 2. Pursuant to the plea agreement, Petitioner waived all rights to appeal.

## II.     STANDARD OF REVIEW

Motions brought under 28 U.S.C. § 2255 must present a challenge to the constitutionality of the sentence. Such challenges must involve (1) whether the sentence was imposed in violation of the Constitution or laws of the United States, or (2) the court's lack of jurisdiction to impose the sentence, or (3) the sentence was in excess of the maximum authorized by law, or (4) some other collateral attack to the sentence. *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991). "To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had the substantial injurious effect or influence of the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

## III.    APPLICABLE LAW & ANALYSIS

Petitioner raises the following claims:

I.  Petitioner was denied the effective assistance of counsel, where due to the Project Safe Neighborhood Program, the state's pre-preliminary examination procedure resulted in a constructive absence of counsel.
II. Petitioner was denied the effective assistance of counsel where his state attorney failed to avail Petitioner of the option to plead guilty to the lesser state offense.
III. Petitioner's conviction and sentence must be vacated, where the decision to federally prosecute was motivated by racial animus, contrary to the prohibition against selective prosecution.

(Pet'r.'s *Pro Per* Mot. to Vacate, Set Aside, or Correct Sentence at 2).

The Court has reviewed Petitioner's Motion and the Government's Response and finds that Petitioner's arguments are without merit. In claims one and two, Petitioner asserts that he was denied effective assistance of counsel. In order for Petitioner to demonstrate ineffective assistance of counsel, his counsel's performance must have been (1) outside the range of competence demanded of attorneys in the criminal context, and (2) the performance must have unreasonably prejudiced Petitioner. *Strickland v. Washington*, 446 U.S. 668, 687 (1984). In *Strickland*, the

Supreme Court noted that "[j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence...." *Strickland*, 466 U.S. at 689.

Regarding claim one, Petitioner asserts that he was constructively denied counsel due to the structure and operation of the Project Safe Neighborhood ("PSN") program. Specifically, Petitioner argues that as a result of the structure of the pre-preliminary examination procedures used to implement PSN, wherein counsel is assigned shortly before the pre-preliminary examination and without the benefit of full discovery, his counsel was unable to properly advocate his interest. Petitioner contends that under PSN, he was not properly offered a plea agreement in state court, and instead his state court case was dismissed without prejudice and referred for federal prosecution. Petitioner asserts that "[t]he remedy is to vacate his federal convictions and remand the matter back to the state courts, and give Petitioner the opportunity to avail himself of the original plea-bargain offered but not adequately communicated." (*Id.* at 6).

Petitioner's arguments of constructive denial of counsel are without merit. Petitioner argues that his counsel had no opportunity to consider the plea offer because counsel was assigned shortly before the pre-preliminary examination, however, Petitioner retained counsel and was released on bond on February 14, 2004, which was eight days before the pre-preliminary examination. Petitioner has not shown that "counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding," as required for a violation of the Sixth Amendment right to counsel. The Government asserts that Petitioner was not offered a reduced plea in state court, nor is there any requirement under the PSN program that requires state prosecutors to offer a defendant a plea deal. Given that no plea was offered in state court, Petitioner has not

3

demonstrated that he was constructively denied assistance of counsel for failure to adequately consider a plea. (Gov't.'s Resp. at 4, 7). The Court further finds that it has no jurisdiction to grant Petitioner's requested relief of remanding the matter to state court. *United States v. Morris*, 470 F.3d 596, 599-600 (6th Cir. 2006).

In claim two, Petitioner argues that he was denied effective assistance of counsel because his state attorneys, David Braxton and Eric Handy, failed to inform him of his option to plead guilty in state court "under the provisions of PSN to a two-year mandatory sentence." (Pet'r.'s *Pro Per* Mot. to Vacate, Set Aside, or Correct Sentence at 7). Petitioner argues that he clearly would have accepted the state plea under the PSN program due to the great disparity between two years and the amount of time, over seven years, to which he was sentenced in federal court. This he claims satisfies the prejudice prong of *Strickland*. (*Id.* at 8). Similar to Petitioner's arguments in claim one, it is Petitioner's contention that the PSN program provides a defendant with a mandatory option of a two-year sentence in state court, however, there is no authority to support this proposition. Since Petitioner was not offered a plea, he is unable to demonstrate that he was denied effective assistance of counsel because of his "[s]tate attorneys Handy and Braxton failure to properly inform Petitioner of his option to plead guilty in state court under the provisions of PSN to a two-year statutory sentence . . ." (*Id.* at 7).

Finally, Petitioner asserts that his sentence must be vacated because he was subjected to selective prosecution. Petitioner argues he has established a *prima facie* case of selective prosecution and requests certain documents through discovery from the Government. To obtain discovery, the Petitioner must make a showing of "some evidence tending to show the existence of the essential elements of the defense, discriminatory effect and discriminatory intent." *United States*

*v. Thorpe*, 471 F.3d 652, 657 (6th Cir. 2006) (quoting *United States v. Armstrong*, 517 U.S. 456, 468 (1996). "'Some evidence' means 'a credible showing' that 'similarly situated individuals of a different race were not prosecuted.'" *Id.* (quoting *Armstrong*, 517 U.S. at 465). The only evidence Petitioner presents relating to discriminatory effect is statistics of prosecutions defended by the Federal Defender's Office in Detroit or its panel attorneys, however, under *Thorpe*, this is insufficient to establish discriminatory effect. 471 F.3d 657-59. Specifically, Petitioner has failed to demonstrate the failure to prosecute other similarly situated individuals and has not met the "some evidence" standard. *Id.* Petitioner has likewise not produced any evidence of discriminatory intent or purpose.

Accordingly,

IT IS HEREBY ORDERED that the Petitioner's *Pro Per* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 **[Docket No. 29, filed October 27, 2006]** is DENIED.

IT IS FURTHER ORDERED that the Government's Motion for Extension of Time to File Response to Defendant's Motion to Vacate **[Docket No. 31, December 19, 2006]** is GRANTED.

IT IS ORDERED that the Government's Motion for Leave to File *Brief Instantur* **[Docket No. 33, filed April 16, 2007]** is GRANTED.

IT IS FURTHER ORDERED that Civil Case No. 06-CV-14880 is DISMISSED WITH

PREJUDICE.

                                                             s/ DENISE PAGE HOOD
                                                             DENISE PAGE HOOD
                                                             United States District Judge

Dated: April 30, 2007

      I hereby certify that a copy of the foregoing document was served upon counsel of record on April 30, 2007, by electronic and/or ordinary mail.

                                                             S/William F. Lewis
                                                            Case Manager